UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2020-CV-61920

AKHIL AGRAWAL, and
SUKRIT AGRAWAL,

    Plaintiffs,

v.

AMERICAN PURCHASING SERVICES,
LLC, a Florida Limited Liability Company,
d/b/a American Medical Depot,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, Akhil Agrawal and Sukrit Agrawal ("Plaintiffs" or the "Agrawals"), through their undersigned counsel, BlueRock Legal, P.A., hereby file this lawsuit against Defendant American Purchasing Services, LLC, d/b/a American Medical Depot ("Defendant" or "AMD"), based upon the facts and the law alleged herein.

## STATEMENT OF CLAIM

1.    Plaintiffs are founders and majority-owners of Defendant AMD, a distributor of healthcare products. Plaintiff Sukrit Agrawal was formerly employed as Chief Executive Officer under the terms of a written employment agreement dated September 7, 2010, as amended. Plaintiff Akhil Agrawal was formerly President under the terms of a written employment agreement dated September 7, 2010, as amended. The two employment agreements shall be referred to collectively as "the Employment Agreements."

2. Plaintiffs were recently terminated from their respective executive positions, without cause, and despite their majority interest in the organization.

3. Defendant was required and refused to pay severance pay to the Agrawals under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (2020) ("ERSIA").

4. This is a lawsuit to recover welfare benefits due to the Agrawals.

## JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this civil action arising under the laws of the United States. 28 U.S.C. § 1331 (2020)

6. This action involves a claim for employee benefits under employee benefit plans regulated and governed under ERISA. 29 U.S.C. § 1132 (a)(1)(B), (e), (f), and (g) (2020).

7. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in this District and regularly transacts business within this District.

8. Venue is proper under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 because some or all of the actions that form the basis of the claims herein occurred in this District and Defendant resides or may be found in this District.

9. All conditions precedent to bringing this action have been performed, waived, satisfied, or otherwise occurred.

## PARTIES

10. Plaintiff Akhil Agrawal is a resident of Broward County, Florida. He is a participant and beneficiary in the ERISA plan at issue.

11. Plaintiff Sukrit Agrawal is a resident of Miami-Dade County, Florida. He is a participant and beneficiary in the ERISA plan at issue.

12. Defendant AMD is a healthcare distribution company whose principal place of business is in Broward County, Florida.

## ATTORNEY FEES AND COSTS

13. Plaintiffs have engaged the undersigned counsel to represent them in this matter and have agreed to pay a reasonable attorneys' fees.

14. ERISA provides for attorneys' fees and costs to the prevailing party. 29 U.S.C. § 1132 (g)(1) (2020).

## ALLEGATIONS OF FACT

15. Plaintiffs founded AMD and grew it to be the seventh largest healthcare products distribution company in the United States.

16. AMD is a large for-profit commercial enterprise with six distribution centers and is recognized as a preferred medical supply vendor to the U.S. Military and various other U.S. government agencies, including but not limited to the Department of Veteran Affairs ("VA").

17. Plaintiff Sukrit Agrawal was formerly Chief Executive Officer and a member of the managing board of AMD. Plaintiff Akhil Agrawal was formerly President and a member of the managing board of AMD.

18. The Agrawals were terminated from their respective executive positions on May 29, 2020 and removed from the Board of Managers on July 13, 2020, without cause, and despite their majority interest in the organization, for predatory reasons and for certain procedural irregularities that triggered supermajority status under a private equity financing arrangement with a third party. The Agrawals were excluded from voting on their own terminations and removal from the Board of Managers.

19. The Employment Agreements have identical language as it relates to the termination of the employment relationship. Copies of their employment agreements are attached as Exhibit 1 and are incorporated herein by reference.

20. AMD was required to provide 18 months of severance pay to the Agrawals on the termination of their employment relationships:

> In addition to the payments set forth in Section 1(c)(1), if the Executive's employment is terminated by the Company without Cause or by the Executive for Good Reason, then the Executive shall be entitled to receive his Annual Base Salary, payable by the Company in regular installments in accordance with the Company's general payroll practices (as in effect on the date of the termination of the Executive's employment), but in no event less frequently than monthly, during the eighteen-month period commencing on the date of termination of employment.

[*See* Exhibit 1, section (1)(c)(i)(ii)]

21. The severance pay was conditioned on Plaintiffs' prior execution of a release. Plaintiffs each timely executed a general release in the form required under the Employment Agreements. [*See* Exhibit 1, section (1)(c)(iii)]

22. The severance pay was conditioned on Plaintiffs' adherence to confidentiality, non-compete, and non-solicitation provisions of the Employment Agreements. [*See* Exhibit 1, section (1)(c)(i)(iii); sections (2)-(3)]  Plaintiffs have breached none of the restrictive covenants in the Employment Agreements.

23. The Agrawals fulfilled all of their obligations required of them to receive severance pay.  AMD has failed and/or refused to pay severance pay to the Agrawals. AMD is in material breach of its duty to make severance payments.

## ERISA COVERAGE

24. The Agrawals are owed severance pay under ERISA because the severance obligations are a plan, fund, or program to provide welfare benefits under ERISA. *See* 29. U.S.C. § 1002(2)(a) (2020).

25. The Employment Agreements were established by AMD, at the latest, on August 30, 2010, via the Agrawals' Employment Agreements, and the plan is maintained by AMD.

26. The Employment Agreements provide benefits to specific beneficiaries, the Agrawals.

27. The Employment Agreements provide benefits in the form of severance pay calculated based on the Agrawals' Annual Base Salary (as defined in the Employment Agreements).

28. The severance program established by the Employment Agreements requires an ongoing administrative program to meet the employer's obligation because:

(1) AMD is responsible for making regular payments to the Agrawals post-termination in line with payroll periods;

(2) AMD must evaluate whether the Agrawals were terminated without cause or the Agrawals terminated themselves "for good reason" under the terms of the plan;

(3) severance payments are contingent upon a signed release;

(4) severance payments are contingent upon continual adherence to confidentiality, non-competition, and non-solicitation restrictions that the employer must continually monitor; and

(5) this ERISA plan is not specifically tied to one person, but a common scheme for the highest-level executives at AMD.

29.     The terms of the Employment Agreements are reasonably ascertainable as they are explicitly defined in written agreements with the Agrawals.

## COUNT I – ERISA

30.     Plaintiffs reallege and reassert the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31.     The Employment Agreements constitute an employee welfare benefit plan under ERISA.

32.     The Employment Agreements were established and maintained by AMD.

33.     The Agrawals are beneficiaries under the Employment Agreements.

34.     The Agrawals fulfilled their obligations under the Employment Agreements and are entitled to severance pay.

35.     AMD has failed and/or refused to provide the benefits to the Agrawals provided under the ERISA-governed Employment Agreements.

36.     AMD is in material breach of its duties under the ERISA-governed Employment Agreements.

37.     The Agrawals are entitled to recover the benefits of their Employment Agreements and other appropriate relief as a result of Defendant's violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Akhil Agrawal and Sukrit Agrawal respectfully request that this Court enter judgment against Defendant on all claims and requests that the Court award the following relief:

A. Award, declare, or otherwise provide Plaintiffs all relief under ERISA, 29 U.S.C. § 1132(a), or any other applicable law, that the Court deems proper and such appropriate

equitable relief as the Court may order, including damages, or other remedies allowed by law;

B. Award to Plaintiffs attorneys' fees and costs as provided by 29 U.S.C. § 1132(g), and/or other applicable doctrine;

C. Award pre-judgment and post-judgment interest; and

D. Award any additional and further relief as the Court deems just, equitable, and proper.

Dated: September 21, 2020

BLUEROCK LEGAL, P.A.
*Counsel for Plaintiffs*
10800 Biscayne Boulevard, Suite 410
Miami, FL 33161
Phone: (305) 981-4300
Fax:    (305) 981-4304

By: __/s/ Frank H. Henry__
    Frank H. Henry
    Florida Bar No. 956554
    E-mail: fhenry@bluerocklegal.com